UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL S. JOHNSON,

          Plaintiff,

v.                                              Case No. 19-cv-0972-bhl

JOHN KIND, et al.,

          Defendants.

## DECISION AND ORDER

Plaintiff Michael Johnson is representing himself in this 42 U.S.C. §1983 action. He is proceeding on claims in connection with a conduct report hearing. On May 21, 2021, Defendants filed a motion seeking to file under seal the unredacted declaration of a non-defendant and two exhibits, which Defendants state contain confidential information provided by confidential informants (CIs). Dkt. No. 13. Defendants assert that they intend to file the documents in support of their motion for a protective order. They argue that, "[f]or the safety and security of the CIs, other inmates, staff, and the institution, any information which could reveal the identity of the CIs must remain confidential. *Id.* at 2.

The Court will deny Defendants' motion as premature and for failing to comply with General L. R. 79(d). General L. R. 79(d)(4) requires the moving party to include in the motion "a certification that the parties have conferred in a good faith attempt to avoid the motion or to limit the scope of the documents or materials subject to sealing under the motion." Defendants' motion includes no certification, so it is unclear if they have discussed their concerns with Johnson or sought to reach an agreement with him regarding necessary redactions. It may be that Johnson has no objection to the proposed redactions, obviating the need for motion practice and the Court's involvement. It appears that Defendants may be anticipating an objection from Johnson, but parties who work in good faith with one another are often able to reach an agreement without the Court's involvement, which saves everyone time and money.

Further, Defendants fail to provide the Court with the information it needs to rule on their motion. They only reference the documents they want the Court to review *in camera*; they do not provide the documents to the Court, nor do they provide the redacted versions that they will produce in response to Johnson's discovery requests. *See* General L. R. 79(d)(2) (requiring a movant to file "a version of the document or material that redacts only those portions of the document that are subject to the restriction/sealing request"). Simply "allowing Defendants to file the unredacted [documents] under seal for in camera review" as they request, will achieve nothing if they do not also inform the Court of what portions of the documents they propose to withhold from Johnson.

It seems that Defendants are putting the cart before the horse. They should first confer with Johnson and explain what redactions they propose making to their discovery responses. Hopefully, the parties will be able to reach an agreement on that issue. If not, then Johnson can raise his concerns with the Court in a motion to compel. In responding to Johnson's motion, Defendants may file a separate motion to seal that attaches the redacted documents they produced as well as the unredacted documents that they would like the Court to review *in camera*. The Court can then decide if the redactions are necessary and if Johnson can fairly prosecute his case despite any necessary redactions. At this point, however, Defendants' motion is premature, so the Court will not grant the relief they seek.

**IT IS THEREFORE ORDERED** that Defendants' motion to file unredacted documents under seal (Dkt. No. 13) is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin this 27th day of May, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge