UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL S. JOHNSON,

                    Plaintiff,

v.                                                                       Case No. 19-cv-0972-bhl

JOHN KIND, et al.,

                    Defendants.

---

# ORDER

---

Plaintiff Michael S. Johnson is representing himself in this 42 U.S.C. §1983 action. The Court screened the complaint and allowed Johnson to proceed on due process claims against Defendants John Kind and Andrew Wickman. The Court also concluded that, while Johnson stated a retaliation claim against William Swiekatowski and an additional due process claim against Wickman, those claims are barred by *Edwards v. Balisok*, 520 U.S. 641, 468 (1997). Dkt. No. 7 at 8, 10. On September 24, 2021, the Court invited the parties to address the application of *Edwards*. On October 1, 2021, the parties agreed that *Edwards* does not bar the retaliation and additional due process claims. Dkt. Nos. 41, 43.

Accordingly, the Court will allow Johnson to proceed on a retaliation claim against Swiekatowski and a due process claim against Wickman in connection with the second disciplinary hearing. *See* Dkt. No. 7 at 7-8, 9-10. Swiekatowski and Wickman shall respond to Johnson's complaint.[1] Because Kind and Wickman's counsel will also represent Swiekatowski and to keep this case moving, the Court will set a discovery deadline of December 6, 2021 (that means that the parties must serve their requests at least thirty days *before* the deadline to allow the opposing party sufficient time under the rules to respond by the deadline). Defendants may conduct an additional deposition of Johnson to address the new claims. The parties may request an extension of the

---

[1] Wickman filed his answer to Johnson's complaint on December 4, 2020. In light of the Court's decision to allow Johnson to proceed on an additional claim against Wickman, the Court will give him an opportunity to file an amended answer. He does not have to file an amended answer if he believes his original answer is sufficient.

discovery deadline if they believe they need more time to complete discovery on the new claims. For the sake of efficiency, the Court will deny without prejudice Defendants' motion for summary judgment and will set a new dispositive motion deadline of January 5, 2022.

**IT IS THEREFORE ORDERED** that Johnson may proceed on a retaliation claim against Swiekatowski and an additional due process claim against Wickman as described in the Court's screening order.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Johnson's complaint, the screening order, and this order are being electronically served on William Swiekatowski.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Swiekatowski shall file a responsive pleading to the complaint within **sixty days** of this order.

**IT IS FURTHER ORDERED** that Defendants John Kind and Andrew Wickman's motion for summary judgment (Dkt. No. 22) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Johnson's motion for an extension of the discovery deadline (Dkt. No. 42) is **GRANTED**. Parties must serve their discovery requests by a date sufficiently early so that discovery is completed no later than **December 6, 2021**. Parties may file motions for summary judgment, together with supporting materials, no later than **January 5, 2022**.

Dated at Milwaukee, Wisconsin on October 4, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge