UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

MICHAEL S. JOHNSON,

                Plaintiff,

v.                                            Case No. 19-cv-0972-bhl

JOHN KIND, et al.,

                Defendants.

─────────────────────────────────────────────

## ORDER

─────────────────────────────────────────────

      Plaintiff Michael S. Johnson is representing himself in this 42 U.S.C. §1983 action. On October 15, 2021, he filed a motion for a preliminary injunction and/or a temporary restraining order seeking the return of his legal documents and an order prohibiting prison officials from harassing and retaliating against him with unnecessary searches. Dkt. Nos. 48, 58. He asserts that on October 4 and 9, Defendants searched his cell and confiscated his legal materials. He states that they did so under the pretext that the materials were soaked in the synthetic designer drug K-2. Johnson believes the documents were confiscated to retaliate against him for pursuing his legal rights. Johnson asserts that he cannot prepare discovery requests or prepare for his deposition without the confiscated legal materials.

      On November 8, 2021, Johnson filed a motion seeking an emergency hearing on his motion for a preliminary injunction/temporary restraining order. Dkt. No. 55. Johnson asserts that on November 3, 2021, he was escorted to Jodi Perttu's office. She is the restrictive housing unit manager; she is not a Defendant in this action. According to Johnson, Perttu had six pages of a letter that his attorney in another case had sent him. Johnson explains that this letter was part of the set of legal documents confiscated from his cell on October 9. Perttu allegedly informed Johnson that Defendant Security Director John Kind and Defendants' lawyer Gesina Carson told her to copy the letter, give the copy to Johnson, and shred the original. Johnson states that he objected, but Perttu shredded the original in front of him.

Defendants responded to Johnson's motion on November 5, 2021. Dkt. No. 51. They explain that Johnson's cell was searched due to security concerns. Jay VanLanen (not a Defendant) explains that, on October 9, 2021, he reviewed video surveillance showing an inmate custodian grabbing something out of his back pocket and slipping it through Johnson's cell door. Based on the video, VanLanen ordered Johnson and his cell to be searched. Three officers (none of whom are Defendants) searched Johnson and his cell. Suspected contraband was confiscated and bagged, and the confiscated documents were provided to Captain Daniel Cushing (also not a Defendant). Cushing was not working on October 9, but when he returned to work on October 11, he examined the confiscated materials, including a civil litigation booklet and a memo from a law office (presumably the letter from Johnson's attorney in another case). The civil litigation handbook was returned to Johnson on October 28, and the memo from a law office (or, more accurately, a copy of the memo) was returned to Johnson by Perttu on November 3.

## LEGAL STANDARD

The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). To obtain a preliminary injunction, a plaintiff must show that: (1) plaintiff has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) plaintiff will likely suffer irreparable harm in the absence of preliminary relief. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). "If a plaintiff makes such a showing, the court proceeds to a balancing analysis, where the court must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Mays*, 974 F.3d at 818 (citing *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018)). The balancing analysis involves a "'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." *Mays*, 974 F.3d at 818 (citing *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

Further, in the context of prisoner litigation, the scope of the Court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires

preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683.

## ANALYSIS

Johnson clarifies that he is not asking the Court to stop prison officials from searching him or his cell. Instead, he asks "this Court to prohibit and restrain the defendants from using false claims of inmate misconduct or 'security' as a pretext to harass, retaliate and intimidate Johnson due to this litigation." Dkt. No. 58 at 1-2. The Court will deny the motion. Johnson's request is unworkable. To grant the relief he seeks, the Court would have to preview and approve prison officials' offered justification for every search before it occurs. This the Court cannot and will not do. The Supreme Court has repeatedly noted that "prison officials have broad administrative and discretionary authority over the institutions they manage . . . ." *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). Whether to search an inmate or an inmate's cell is a discretionary decision that is "the business of prison administrators rather than of the federal courts." *Id.* To require prison officials to obtain Court approval for searches of Johnson would significantly interfere with and likely undermine their ability to maintain security in the institution.

If Johnson believes a particular search was conducted for improper reasons, he may raise his concerns by filing an inmate complaint. If his concerns are not resolved at the institution level, he may pursue litigation. But the Court will not hamstring prison officials' attempts to keep the institution secure by requiring them to seek preapproval for searches.

The Court also will deny Johnson's motion because it appears that his legal materials have been returned to him. The video of the cell search confirms that the officers (none of whom are Defendants) conducted the search in a reasonable and respectful manner, carefully leafing through Johnson's documents and neatly stacking them. Although some papers were confiscated, Defendants' counsel explains that they have been returned to Johnson. Johnson takes issue with the fact that he received only a copy of a confidential letter sent to him by his attorney in another case and that the original was destroyed. But Johnson concedes that the letter is relevant to another case, so it is unclear what prejudice he has suffered in this case. In any event, Johnson has the letter, and he makes no explanation of why possessing a copy of the letter rather than the original is necessary or prejudicial to him. If Johnson believes prison officials (most of whom are not Defendants) acted improperly in confiscating and destroying the original letter, he may file an

inmate complaint and pursue litigation. Those issues are not before this Court or relevant to this case.

**IT IS THEREFORE ORDERED** that Johnson's motion for a preliminary injunction/temporary restraining order (Dkt. No. 48) and his motion for an emergency hearing (Dkt. No. 55) are **DENIED**.

Dated at Milwaukee, Wisconsin on December 10, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge