UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL S. JOHNSON,

                Plaintiff,

v.                                             Case No. 19-cv-0972-bhl

JOHN KIND, et al.,

                Defendants.

## DECISION AND ORDER

Plaintiff Michael S. Johnson is representing himself in this §1983 case. On December 15, 2021, he filed a motion to compel. Dkt. No. 63. Johnson explains that on October 17, 2021, he served requests for admission on William Swiekatowski and a second set of requests for admission on John Kind. He also served a second set of interrogatories on Andrew Wickman and document requests on Swiekatowski. Johnson explains that Swiekatowski and Kind timely responded to "some" of his requests for admission, but their responses were "evasive and incomplete." He also asserts that Wickman and Swiekatowski failed to timely respond to his interrogatories and document requests. Accordingly, he asks the Court to order that Defendants' objections to his discovery requests are waived.

Defendants responded to Johnson's motion on December 21, 2021. Dkt. No. 64. They explain that they received Johnson's discovery requests on October 25, 2021. On November 17, 2021, they mailed responses to his requests for admission to Kind and Swiekatowski, and on November 29, 2021, they mailed responses to his interrogatories and document requests. Defendants explain that a few days later, before Johnson had received their most recent responses,

they received a letter from Johnson. Johnson stated that Kind and Swiekatowski's responses to his requests for admission were "insufficient, inadequate, and untruthful" and that he had not received responses to his interrogatories or document requests.

Just over a week later, on December 13, 2021, Johnson filed his motion to compel. According to Defendants, they did not have the opportunity to respond to his letter before he filed his motion. Two days later, on December 15, 2021, Defendants mailed Johnson their amended responses to the requests for admission to address his concerns.

In his reply brief in support of his motion to compel, Johnson appears to concede that he received amended responses to his requests for admission and responses to his interrogatories and document requests. Dkt. No. 70. However, he continues to insist that the Court should sanction Defendants by striking their improper objections. In challenging Defendants' objections to his requests, he asserts that his requests were proportional to the needs of the case and sought relevant information. He also asserts that, contrary to Defendants' objections, his requests were not voluminous, overly broad, unspecific, or vague.

As set forth below, the Court will grant Johnson's motion only in part. Defendants timely responded to Johnson's requests for admission, and, within two weeks of Johnson highlighting alleged deficiencies in their responses, Defendants provided amended responses. Given that Johnson's motion was filed before he received their amended responses, the concerns he highlights in his motion are moot. Further, the general purpose of requests for admission "is to allow the parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008) (citations omitted). While a party who considers that a matter about which an admission has been requested presents a genuine issue for trial may not object to the request on that ground

alone, a party may respond by denying the matter and setting forth the reasons why the party cannot admit or deny the request. *Id.* That appears to be how Defendants responded. The mere fact that Johnson disagrees with their responses or does not believe their responses to be true is not grounds for the Court to sanction Defendants.

With regard to Defendants' responses to Johnson's interrogatories and document requests, Defendants acknowledge that they served their responses 12 days after the response deadline (calculated based on the postmark); however, they argue that such a minor delay does not warrant the harsh sanction of ordering their objections waived. The Court agrees. There are numerous challenges in communicating with prisoners during the litigation process, particularly with prisoners housed in segregation. Easy and convenient forms of communication such as phone calls or emails are unavailable, making it difficult for the parties to timely communicate about needed extensions. While Defendants should have notified Johnson that they needed extra time to respond, the Court finds that Johnson was not prejudiced by this short delay. And, while many of Defendants' objections appear to be boilerplate objections to relevance, scope, and specificity, it appears that Defendants generally went on to provide responses subject to those objections. Accordingly, the Court does not find that sanctions are warranted.

However, there appear to be two document requests served on Swiekatowski that seek relevant information and to which Defendants objected without providing responsive documents subject to their objections. The first requests "any and all 'documents' related to Johnson['s] alignment of the Conservative Insane Vice Lords and Native Soldiers." Dkt. No. 61 at 8. The second requests "any and all 'documents' related to Johnson being Department of Corrections confirmation and verified as a member of the Conservative Insane Vice Lords." *Id.* Defendants explain that they objected to the requests as being overly broad. They assert that, because Johnson

3

has been a confirmed member of the Vice Lords in the DOC's tracking database since 1996 and has been housed at Green Bay since 2016, searching for, retrieving, and reviewing records for confidential informant or protected information over that time period would be a monumental task. They also explain that the stakes are high if restricted records are inadvertently released. As such, Defendants note that they offered to supplement their objection with responsive documents if Johnson narrowed the timeframe of his request.

In his reply brief, Johnson explains that he is requesting the documents that Swiekatowski relied on when he concluded that Johnson is a Conservative Insane Vice Lord and that "any reasonable person receiving the request would have easily understood what information was being sought." Dkt. No. 70 at 5. Swiekatowski has stated throughout this case, including in support of Defendants' motion for summary judgment, that "Johnson is an active member of the Vice Lords. He has been confirmed member of this gang in the Department's STG tracking database since July 5, 1996 and is considered a high-ranking member of this gang." Dkt. No. 20 at ¶8. Accordingly, documents supporting this statement appear to be relevant to the issues in this case. But the requests served on Swiekatowski were not as narrowly drawn as Johnson frames them in his reply brief. With Johnson's current narrowing of the documents he is seeking, it may now be possible for Defendants to respond. If it is, they must provide Johnson with responsive documents by **February 10, 2022.** If they still have questions about the documents he is seeking, they should arrange a phone call to promptly resolve those questions.

The Court again emphasizes the importance of the meet-and-confer requirement. Rather than talking past each other, had the parties attempted in good faith to resolve their dispute, it is very likely that the time and resources spent by the parties and the Court in resolving Johnson's motion to compel could have been preserved.

**THEREFORE, IT IS ORDERED** that Johnson's motion to compel (Dkt. No. 63) is **GRANTED in part** and **DENIED in part** as set forth in this Order.

**IT IS FURTHER ORDERED** that Defendants must respond to Document Requests 12 and 13 to Swiekatowski (Dkt. No. 61 at 8) as clarified and narrowed in Johnson's reply brief by **February 10, 2022.** If Defendants believe further clarification of those requests is required, they must promptly confer with Johnson via telephone to resolve the dispute.

Dated at Milwaukee, Wisconsin on January 27, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge